D. D-S, v. Southold Union Free School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

PRESENT:
>            ROBERT A. KATZMANN,
>            BARRINGTON D. PARKER,
>            RICHARD C. WESLEY,
>                      *Circuit Judges.*

---

D. D-S, INDIVIDUALLY AND AS PARENT
AND NEXT FRIEND TO B. D-S, A CHILD
WITH A DISABILITY,

>                     *Plaintiff-Appellant,*

>     v.                              11-4697

SOUTHOLD UNION FREE SCHOOL DISTRICT,

>                     *Defendant-Appellee.*

---

FOR APPELLANT:      PHILIP B. ABRAMOWITZ, Law Offices
                         of Andrew K. Cuddy, Auburn, NY.

FOR APPELLEE:       CHRISTOPHER F. VENATOR,
                         Ingerman Smith, LLP, Hauppauge, NY.

---

Appeal from the judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the September 9, 2011 judgment entered in the United States District Court for the Eastern District of New York (Seybert, *J.*) is **AFFIRMED**.

On January 13, 2009, Plaintiff-Appellant D. D-S filed a complaint seeking tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et. seq.*, after Defendant-Appellee Southold Union Free School District failed to offer her daughter, B., a free appropriate public education ("FAPE") for the 2008-2009 school year. Plaintiff had placed her daughter at Landmark School in Massachusetts. The impartial hearing officer denied reimbursement, and the state review officer affirmed. Plaintiff then commenced a proceeding in the Eastern District of New York challenging the decision. After cross-motions for summary judgment, the district court denied Plaintiff's motion and affirmed the District's motion, finding that Landmark was an inappropriate placement. Plaintiff appeals the denial of tuition reimbursement. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

Because the District concedes that it did not provide B. with a FAPE for the 2008-2009 school year, we only consider whether "the private schooling obtained by the parents [was] appropriate to the child's needs." *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 192 (2d Cir. 2005). "[C]ourts assessing the propriety of a unilateral placement consider the totality of the circumstances in determining whether that placement reasonably serves a child's individual needs." *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 364 (2d Cir. 2006). As the party seeking reimbursement, Plaintiff bears the burden of proving that her unilateral placement was appropriate. *See M.S. ex rel. S.S. v. Bd. of Educ.*, 231 F.3d 96, 104 (2d. Cir. 2000).

Plaintiff argues that the state agency and district court failed to consider the totality of the circumstances and placed too much emphasis on the restrictiveness of the parental placement. We disagree. Although the agency and district court focused their decision on Landmark's overly restrictive nature, they also thoroughly reviewed the whole record before denying reimbursement. While it is a well-established concept that parental placements are not subject to the same exacting standards as a public placement, see *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 14-15 (1993), the restrictiveness of the school environment

"remains a consideration that bears upon a parent's choice of an alternative placement and may by considered by a hearing officer in determining whether the placement was appropriate." *M.S.,* 231 F.3d at 105.

Moreover, Plaintiff has not persuasively argued that the totality of the circumstances made Landmark an appropriate placement. She contends that B.'s academic progress indicates that Landmark was an appropriate placement. However, academic progress alone is not a dispositive indicator of appropriateness. *See Gagliardo v. Arlington Cent. Sch. Dist.,* 489 F.3d 105, 115 (2d Cir. 2007). Further, she has presented no evidence that this extremely restrictive residential immersion was appropriate for B.'s educational needs. Plaintiff has not persuaded us that the totality of the circumstances warrants tuition reimbursement in this case. *See Frank G.,* 459 F.3d at 364-65.

We have considered plaintiff's remaining arguments and, after a thorough review of the record, find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4